CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 22 2014

JULIA C. DUDLEY, CLERK
BY:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **TAQUARN SCOTT,** | ) | **CASE NO. 7:13CV00606** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **DIRECTOR, VIRGINIA D.O.C.,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

Taquarn Scott, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the February 4, 2010, judgment of the Circuit Court for the City of Lynchburg under which he stands convicted of drug possession and related charges. After review of the record in this case and trial, appeal, and habeas corpus records provided from the state courts, the court concludes that respondent's motion to dismiss the petition as untimely filed must be granted.

## Background

Scott stood trial before a jury in the Circuit Court for the City of Lynchburg and was convicted of possession with intent to distribute cocaine, possession of marijuana, and possession of a firearm. (Nos. CR09021072-00, CR09021072-01, and CR09021072-02.) In March 2010, the Court imposed the thirty-year sentence fixed by the jury, but suspended fifteen years of that term. Scott appealed unsuccessfully to the Court of Appeals of Virginia (Record No. 0783-10-3) and to the Supreme Court of Virginia, which refused his appeal on May 10, 2011, and refused his petition for rehearing on September 23, 2011. (Record No. 102363.) Scott did not file a petition for a writ of certiorari to the Supreme Court of the United States.

Scott filed a petition for a writ of habeas corpus on September 26, 2012, in the circuit court (CL12007399). Respondent moved to dismiss on grounds that Scott had already litigated two of his claims on direct appeal and that his other two claims did not allege sufficient facts to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). By order dated January 4, 2013, the Court dismissed the petition. The circuit court timely received and docketed Scott's hand-written notice of appeal on February 1, 2013.[1] No habeas appeal petition was ever filed, however.[2]

Scott signed and dated his initial § 2254 petition on December 6, 2013, and later amended that petition.[3] In response to the court's notice that his petition appeared untimely, Scott submitted an amended § 2254 petition, in which he alleges the following grounds for relief: his conviction is based on evidence obtained through an unconstitutional search and seizure; trial counsel failed to preserve and appeal a claim that Scott was prejudiced by appearing before the jury in prison clothing; and the evidence was insufficient to support his conviction, because it was based on inherently incredible testimony. Respondent has filed a motion to dismiss the petition as untimely filed, to which Scott has responded, making the matter ripe for disposition.

---

[1]  Respondent states that on April 2, 2013, Scott filed a motion seeking an extension of time to file his petition for appeal in the Supreme Court of Virginia, which the Court denied. The records provided to this court do not include a copy of this motion, which has no bearing on the court's time bar ruling.

[2]  With a cover letter dated May 8, 2013, the Supreme Court of Virginia returned the record of Scott's circuit court habeas corpus petition (CL12007399) to the clerk of the circuit court, which stamped the record received on May 9, 2013.

[3]  The court conditionally filed Scott's initial § 2254 petition and directed him to pay the $5.00 filing fee or consent to withholding of the fee from his inmate trust account in ten days. After receiving no response from Scott during that time period, the court dismissed his petition without prejudice by order entered January 28, 2014. Scott moved for reconsideration of the dismissal and for leave to amend his petition. The court granted the motions, reinstated the case, notified Scott that his initial petition appeared to be untimely filed, and granted him leave to amend, which he did on March 27, 2014. His amended petition raises substantially the same claims as his initial § 2254 petition, but adds a claim that Scott was deprived of the effective assistance of counsel during state habeas corpus proceedings, which should excuse his procedural default of his claims that trial counsel provided ineffective assistance. See Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012). For purposes of the time bar analysis, this court will utilize the date on which Scott signed and dated his initial § 2254 petition: December 6, 2013.

Case 7:13-cv-00606-GEC-RSB   Document 21   Filed 12/22/14   Page 2 of 6   Pageid#: 197

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[4] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending.

Scott's petition is clearly untimely under § 2244(d)(1)(A),[5] absent any ground for tolling. His conviction became final, and his federal habeas time clock began to run, on December 22, 2011, when his state court appeals were complete and his opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. See United States v. Clay, 537 U.S. 522 (2003) (applying Sup. Ct. R. 13(1), allowing 90 days after state court judgment to file certiorari). Scott then allowed 279 days of his one-year filing period to elapse before he stopped that clock under § 2244(d)(2) by filing his state habeas petition in the Circuit Court for the City

---

[4] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[5] Scott does not allege that his claims are timely under § 2244(d)(1)(B), based on removal of a constitutional impediment to filing, or under § 2244(d)(1)(C), based on a right newly recognized by the United States Supreme Court, or under § 2244(d)(1)(D), based on new facts. Thus, the court must calculate Scott's federal filing period under § 2244(d)(1)(A).

Case 7:13-cv-00606-GEC-RSB   Document 21   Filed 12/22/14   Page 3 of 6   Pageid#: 198

of Lynchburg on September 26, 2012. From that date until January 4, 2013, while the state petition was pending, the federal filing period was tolled. Once the circuit court dismissed the petition, however, the federal filing period started running again. Because Scott's attempted <u>habeas</u> appeal was never properly filed, the notice of appeal and any other motions he may have filed in the state courts about that appeal did not toll the federal filing period,[6] which expired on April 1, 2013, more than eight months before Scott filed his federal petition on December 6, 2013.[7] Thus, the petition is untimely unless Scott demonstrates grounds for equitable tolling.

Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Under this doctrine, Scott can avoid the time bar and have his federal claims considered on the merits only if he can show (A) that failure to consider his <u>habeas</u> claims will result in a miscarriage of justice because he is actually innocent, <u>McQuiggin v. Perkins</u>, __U.S.__, 133 S. Ct. 1924, 1931 (2013); or (B) that he has diligently pursued a judicial remedy, but extraordinary circumstances beyond his control prevented him from meeting the deadlines, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Scott has made neither showing.

---

[6] <u>See Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) ("[An] application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

[7] Pursuant to Rule 3(d) of the Rules Governing 2254 Cases, a prisoner's pleading is considered filed on the day when he deposited it in the prison's internal mailing system. For purposes of this opinion, the court presumes that Scott mailed his initial federal petition on the day that he signed and dated it.

4

"The miscarriage of justice exception [to the federal statute of limitations for filing a habeas petition] applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" petitioner. McQuiggin, 133 S. Ct. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Scott fails to point to any new evidence or state any colorable claim that he is actually innocent of the offenses for which he stands convicted, and the court finds no support in the record for such a finding. Thus, the miscarriage of justice exception cannot excuse his untimeliness.

Scott also presents two circumstances on which he asks the court to invoke equitable tolling on his behalf: his lack of habeas counsel and his mental health conditions. Scott's first tolling argument rests on Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012) and the fact that he did not have counsel during his initial state habeas proceeding in the circuit court. In states like Virginia, where collateral review is the first proceeding in which petitioner can raise a claim that trial counsel was ineffective, a procedural default committed during that initial proceeding will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. at 1320. The Martinez exception, however, expressly does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." Id. (citing Coleman v. Thompson, 501 U.S. 722, 754). Since Scott's procedural default occurred at the habeas appeal stage, he does not qualify for equitable tolling based on Martinez.

Scott's tolling argument based on mental health issues also fails. Scott offers a lengthy list of mental health disorders for which he has been treated: attention deficit disorder, hyperactivity disorder, bipolar disorder, schizophrenia, depression, and post-traumatic stress

disorder. While incarcerated in Lynchburg in 2009, Scott says, he tried to hang himself and was placed on suicide watch at the jail. While these conditions are concerning, Scott fails to state facts showing that any of them prevented him from pursuing a timely federal <u>habeas</u> petition, as required for equitable tolling. <u>Pace</u>, 544 U.S. at 418.

For the stated reasons, the court concludes that the motion to dismiss must be granted. Petitioner failed to file his petition within the time limits mandated by § 2244(d)(1)(A) and fails to demonstrate any ground on which equitable tolling is warranted. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 22<sup>d</sup> day of December, 2014.

_____
Chief United States District Judge

6